UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

IGOR PEPENTSEV,

                     Plaintiff,

          v.

ADNAN AHMED, ARIEL HAZAN, DAN
HAZAN, VICTOR HAZAN, AMI ANKARI,
RACHEL S. MAHANA, AXE WIRELESS INC.,
AMA TRADING INC., and NS TRADING LLC,

                     Defendants.

-------------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
19-CV-6898 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Igor Pepentsev, proceeding *pro se*, commenced the above-captioned action on December 9, 2019, against Defendants Adnan Ahmed, Ariel Hazan, Dan Hazan, Victor Hazan, Ami Ankari, and Rachel S. Mahana (collectively, the "Individual Defendants"), and Axe Wireless Inc., Ama Trading Inc., and Ns Trading LLC (collectively, the "Corporate Defendants"), asserting claims for breach of contract and fraud resulting from Defendants' failure to provide cellular telephones to Plaintiff pursuant to their agreement. (Compl., Docket Entry No. 1.)[1] Plaintiff invokes diversity of citizenship pursuant to 28 U.S.C. § 1332 as a basis for the Court's jurisdiction. (*Id.* at 6.) For the reasons set forth below, the Court dismisses the Complaint for lack of subject matter jurisdiction and grants Plaintiff leave to file an amended complaint.

---

[1] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

I. **Background**

The Court assumes the truth of the factual allegations in the Complaint for purposes of this Memorandum and Order.

Although the Complaint is not clear, Plaintiff appears to allege that on or about February 6, 2019, he purchased $300,000.00 worth of cellular telephones from Ahmed but failed to receive all the cellular telephones that he was due. (*Id.*) Plaintiff alleges that he failed to receive $222,010.00 worth of telephones. (*Id.* at 10.) Plaintiff seeks monetary damages in the amount of $222,010. (*Id.* at 11.)

Plaintiff alleges that he and the Individual Defendants, with the exception of Ahmed, are citizens of New York state, (*id.* at 3–4), and that Axe Wireless is incorporated under the laws of New York state, (*id.* at 7). He also alleges that Ahmed is a citizen of Texas and that Ama Trading and Ns Trading are incorporated under the laws of the state of Texas. (*Id.*)

II. **Discussion**

   a. **Standard of review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S.

97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

In addition, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) ("A district court properly dismisses an action under [Rule 12(b)(1) of the Federal Rules of Civil Procedure] for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it.'" (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

### b. The Court lacks subject matter jurisdiction

Plaintiff alleges that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. It does not. Nor do the allegations suggest that the Court has federal question jurisdiction.

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir.

2010) (quoting 28 U.S.C. § 1331). A plaintiff properly invokes section 1331 jurisdiction when he or she pleads a colorable claim "arising under" the Constitution or laws of the United States. *Id.* Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where all plaintiffs and all defendants are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543, 547 (2d Cir. 2018) ("Diversity jurisdiction is present when there is complete diversity between the parties . . . ." (citing 28 U.S.C. § 1332(a))); *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants."); *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).

"For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische*, 692 F.3d at 48 (citing 28 U.S.C. § 1332(c)(1)); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (holding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities"). A limited liability company "takes the citizenship of each of its members." *Bayerische*, 692 F.3d at 49; *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) ("In general, the citizenship of a limited liability company is determined by the citizenship of each of its members.").

### i. The Court lacks diversity jurisdiction

Plaintiff alleges that he is a citizen of New York state, and also alleges that, of the nine named Defendants, five of the six Individual Defendants are citizens of New York and one of the three Corporate Defendants is incorporated under the laws of New York state. (Compl. 7.) Based on these allegations, Plaintiff and Defendants are not completely diverse, and the Court therefore lacks diversity jurisdiction. *See* 28 U.S.C. § 1332; *Pa. Pub. Sch. Emps.' Ret. Sys.*, 772 F.3d at 117–18 (stating that jurisdiction based on 28 U.S.C. § 1332 requires "'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants" (citation omitted)); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction.").

### ii. The Court lacks federal question jurisdiction

Construing Plaintiff's allegations to "raise the strongest arguments they suggest," *McLoed v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), the Complaint does not suggest any basis for subject matter jurisdiction and Plaintiff's claims do not arise under the Constitution or any federal laws. *See* 28 U.S.C. § 1331; *Bracey v. Bd of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks and citation omitted). Plaintiff appears to allege claims for breach of contract and fraud, which are state law claims, *see Loreley Fin. (Jersey) No. 3Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 182 (2d Cir. 2015) (elements of common-law fraud governed by state law); *Wilson v. Neighborhood Restore Dev.*, No. 18-CV-1172, 2018 WL 2390143, at *2 (E.D.N.Y. May 18, 2018); *JP Morgan Chase Bank, N.A. v. Hunter Grp., Inc.*,

5

No. 10-CV-00917, 2010 WL 5313547, at *3 (E.D.N.Y. Dec. 20, 2010) (contract claims governed by state law).

### III. Conclusion

Accordingly, the Court dismisses the Complaint without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. However, in view of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend the Complaint to allege facts, if possible, to support subject matter jurisdiction.[2] The Court grants Plaintiff thirty (30) days from the date of this Memorandum and Order to file an amended complaint. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order. If Plaintiff fails to timely file an amended complaint, the Court will dismiss this action. No summons shall issue at this time, and all further proceedings shall be stayed for thirty (30) days.

Although Plaintiff has paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[2] The Second Circuit has permitted plaintiffs to amend complaints "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987); *see also Pearson v. Reid-Robinson*, 632 F. App'x. 19 (2d Cir. 2016).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Igor Pepentsev at the address of record.

Dated: May 28, 2020
      Brooklyn, New York

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge